## Scobee, et al. v. County Board of Education of Clark County.

(Decided February 19, 1914.)

### Appeal from Clark Circuit Court.

1. Schools and School Districts—County Boards of Education— Authority to Assume Indebtedness of Old Districts—Chapter 59, Acts, 1912.—Chapter 59, Acts, 1912, only authorizes county boards of education to assume any legal indebtedness incurred by the trustees of old school districts.

2. Schools and School Districts—County Boards of Education—Chapter 59, Acts, 1912—Section 157, Constitution.—Under Section 157 of the Constitution, the legislature is without power to authorize a county board of education to assume and pay off any indebtedness contracted by the trustees of an old school district in violation of that section, and by Chapter 59, Acts, 1912, if it was the purpose of the legislature to authorize county boards of education

to assume any indebtedness so contracted the act in question is
unconstitutional to that extent.

B. R. JOUETT and H. H. MOORE for appellants.

J. M. STEVENSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

On September 27, 1893, the trustees of school district
No. 55, of Clark County, Kentucky, entered into a con-
tract with R. P. and R. M. Scobee for the purchase of
certain lumber to be used by the trustees in the erection
of a school house in the district. The Messrs. Scobee fur-
nished the lumber with which the school house was
erected, and since that time the school house has been
continuously used for school purposes. When the con-
tract was made the trustees of the district executed a
note to Messrs. Scobee for 668.93, due six months from
date. This note was assigned by the Messrs. Scobee to
J. W. Johnson. Thereafter the trustees declined to pay
the note, and Johnson brought suit thereon in the Clark
Circuit Court. It being admitted that the indebtedness
had been incurred in violation of Section 157 of the con-
stitution, Johnson's petition was dismissed. Thereafter
the Messrs. Scobee repaid to Johnson the amount of the
note and interest, and became the owners of the note.

On August 26, 1912, plaintiffs, R. P. and R. M. Scobee
brought this action against the County Board of Educa-
tion of Clark County, alleging that the note sued on was
a legal indebtedness contracted by the old board of trus-
tees, and asking judgment against the County Board of
Education for the amount of the note and interest, and
that it be required by proper order of court to pay the
indebtedness out of the general school fund of Clark
County. A demurrer was sustained to the petition, and
the petition dismissed. Plaintiffs appeal.

The action is predicated on an Act of the General As-
sembly, approved by the Governor March 13, 1912, and
known as Chapter 59, and found on page 212 of Acts,
1912. The act is as follows:

"Whereas, the Legislature of the State of Kentucky,
in the year of 1908, abolished the old trustee system and
created the County Board of Education, with power to
recommend and collect a county school tax, and whereas,

there then existed and unpaid, various debts against various school districts, which were not and could not be paid by one year's taxation, and whereas, the Act of 1908 made no provision for the liquidation and payment of said debts, and whereas, the old Boards of Trustees having been replaced by the new boards, without power to levy and pay said existing indebtedness, and whereas it is deemed expedient and just, in order to avoid double taxation, to authorize and empower the County Board of Education, to compromise and agree to and with the creditors of said districts, in any manner they may deem wise and just, for the complete settlement and adjustment of any and all debts that existed at the time the acts of 1908 became a law, therefore,

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"1. That the various County Boards of Education in this Commonwealth shall assume the payment of any legal indebtedness contracted by the old Boards of Trustees under the old law, and prior to the taking effect of the Act of 1908, by compromise, partial payment or otherwise, as it deemed expedient and proper by said Board of Education. Said payments to be made out of the general school fund of the county.

"This law shall also apply to common school subdistricts that have become graded common school districts since 1908.

"An emergency is hereby declared to exist, and this law shall take effect from and after its passage."

Section 157 of the Constitution is as follows:

The tax rate of cities, towns, counties, taxing districts and other municipalities, for other than school purposes, shall not, at any time, exceed the following rates upon the value of the taxable property therein, viz: For all towns having a population of fifteen thousand or more, one dollar and fifty cents on the hundred dollars; for all towns or cities having less than fifteen thousand and not less than ten thousand, one dollar on the hundred dollars; for all towns or cities having less than ten thousand, seventy-five cents on the hundred dollars; and for counties and taxing districts, fifty cents on the hundred dollars; unless it should be necessary to enable such city, town, county, or taxing district to pay the interest on, and provide a sinking fund for the extinction of indebted-

ness contracted before the adoption of this Constitution. No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same."

It is the contention of the plaintiffs that it was the intention of the legislature to provide for the payment of just such indebtedness as is represented by the claim of plaintiffs. This, it is claimed, is made manifest by the preamble of the act that there then existed and unpaid various debts against the various school districts which were not and could not be paid by one year's taxation. It will be observed, however, that the act itself authorizes county boards of education to assume the payment of only "legal indebtedness contracted by the old boards of trustees under the old law and prior to the taking effect of the Act of 1908." The Constitution makes it plain that no county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose in an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election held for that purpose. Furthermore the provision in question concludes with the following words: "Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same." A school district is a "taxing district or other municipality" within the meaning of the section in question, and it has been accordingly held that trustees have no power to levy a tax for school purposes exceeding in any year the income provided for such year, without the assent of two-thirds of the voters thereof. Commonwealth v. L. & N. R. R. Co., 105 Ky., 206, 48 S. W., 1092; Board of Trustees v. Postell, 28 Ky. L. R., 37, 88 S. W., 1065; Howard v. Board of Trustees, 31 Ky. L. R., 399, 102 S. W., 318. As the Constitution not only makes any indebtedness contracted in violation of section 157 void, but fur-

ther provides in effect that a municipality incurring such indebtedness shall never be authorized to assume the same, it necessarily follows that the legislature is without power to authorize the county board of education to assume any indebtedness so contracted. In view of the section of the Constitution, and of its well-known interpretation by this court, we conclude that in the first place the legislature did not intend by the act in question to authorize county boards of education to assume any indebtedness other than legal indebtedness, even though the preamble of the act refers to debts which could not be paid by one year's levy, for such debts would constitute a legal indebtedness if incurred with the assent of two-thirds of the voters of the district, and there is nothing in the preamble to show that it was intended to apply to debts incurred without such assent. However if it was the purpose of the legislature to authorize county boards of education to assume any indebtedness incurred in violation of section 157, the act in question to that extent is unconstitutional. It follows that the plaintiff's petition was properly dismissed.

Judgment affirmed.