## Daniel, et al. v. Daniel.

(Decided October 13, 1915.)

### Appeal from Perry Circuit Court.

1. Pleading—Petition—General Demurrer—Motion to Make Specific. —When a petition fails to state a cause of action, the filing of a general demurrer thereto is the proper practice; but when the petition is merely indefinite in its statement of some of the facts constituting the cause of action, the remedy in such case is a motion to make the statements of the petition more specific. Civil Code, Section 134.

2. Judgment—Action for Division of Profits on Sales of Timber— Contrariety of Evidence on Trial—Necessity for Submission of Case to Jury.—Where, in an action to recover half the profits on sales of timber under a contract with the defendants, whereby the latter agreed to sell certain timber purchased by the plaintiff with money they had furnished, and, after reimbursing themselves for the money they furnished to purchase the timber, to pay plaintiff one-half of the profits realized from such sales, the evidence was conflicting, both as to whether there was such a contract and as to the profits realized, but the case was submitted to the jury under proper instructions and no material error is shown to have been committed by the circuit court during the trial, the judgment for the plaintiff, entered on the verdict of the jury, will not be disturbed on appeal.

WOOTTON & MORGAN for appellants.

JNO. B. EVERSOLE and W. C. EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

The appellee, C. B. Daniel, by petition filed in the Perry Circuit Court, sued to recover of the appellants, K. F. Daniel and Elizabeth Daniel, $2,179.50, claimed as his half of alleged profits realized on a timber contract, it being alleged in the petition that in August, 1910, he

made with them the contract in question, whereby he undertook to forthwith purchase for them certain standing timber on Willard and Forked Mouth creeks, in Perry County, appellants agreeing to furnish the money to pay for the timber, and that they would sell the timber and, after repaying themselves the money they had furnished appellee to purchase it and deducting the cost attending its sale, give and pay appellee one-half the profits realized therefor; that pursuant to such contract appellee purchased for appellants, with the money advanced by them for that purpose, 5,386 trees in the months of August, September, October, November and December, 1910, at a cost of $2,647.00, which timber appellants at once contracted to the Hamilton Realty Company at the price of $7,034.00, by which sale, if appellants had permitted it to stand, they would have realized, after deducting the money they had advanced to pay for the timber and the cost of taking it up, a profit of $4,359.00, one-half of which, $2,179.50, appellee was entitled to and would have received; but that a controversy then arose between him and appellants over a division of the profits, his half of which they refused to pay, and, in order to avoid payment of which, appellants by a fraudulent collusion with the Hamilton Realty Company induced the latter to rescind the contract of sale appellants had made with it. It was further alleged in the petition that shortly after their rescission of the contract with the Hamilton Realty Company appellants sold the timber in question for as great a profit as would have been made out of the sale to that company, to other persons to appellee unknown. The prayer of the petition asked, in substance, that appellants be made to account to appellee for his half of the profits realized from such sales, and that he be given judgment against them therefor to the amount of $2,179.50.

Appellants, by answer, traversed the averments of the petition, but by a subsequent paragraph admitted that they had employed appellee to purchase for them a part of the timber in controversy, and alleged that for such services as he rendered under this employment they had agreed to pay and had paid him at the rate of one dollar per day. The affirmative matter of the answer was controverted of record and upon the issues thus formed the case went to trial, resulting in a verdict in favor of ap-

pellee for $600.00 damages. From the judgment entered upon that verdict this appeal is prosecuted.

Appellants insist that the trial court erred in overruling their general demurrer to the petition, it being their contention that the averments of the petition are not sufficiently specific to authorize a recovery. The contention is unsound. Considered as a whole, the petition in meaning and effect rests appellee's right of recovery upon the grounds: First, that he is entitled to judgment against appellants for one-half the profits that would have been realized from the alleged sale by them of all the timber to the Hamilton Realty Company, but for their fraud in inducing that company to rescind such sale in order to enable appellants to avoid the payment to appellee of his half of the profits, which constituted a violation of their contract with appellee and made them liable to him for damages equalling in amount half the profits of the sale to the Hamilton Realty Company. Second, that if the court should find this ground of recovery untenable, the subsequent sales made of the timber by appellants to other parties at a profit, in any event, entitled appellee to his half of such profits. It is true the allegations of the petition as to the subsequent sales are indefinite, both as to the number and amounts, respectively, of such sales. The averment, however, that the names of the purchasers are unknown to appellee threw upon appellants, as the names must necessarily be known to them, the duty of disclosing them; but as the petition was indefinite in failing to state that the number and amounts, respectively, of the subsequent sales were unknown to appellee, appellants should have entered a motion requiring the petition to be made more specific in the particulars mentioned. This they failed to do, hence they cannot complain that their demurrer to the petition was overruled. A general demurrer will lie when the petition fails to state a cause of action, but will not lie where there is indefiniteness in some respects in the statement of the facts constituting the cause of action. In such case the remedy is a motion to make the statements of the petition more specific. Civil Code, section 134.

It is a further contention of appellants that the trial court erred in refusing the peremptory instruction asked by them at the conclusion of the evidence. The refusal of a peremptory instruction directing a verdict for the defendant is not error, if there is any evidence to sup-

port the plaintiff's cause of action; hence in passing upon this contention consideration of the evidence will be necessary. In other words, it must be determined from the evidence, first, whether appellee made with appellants the contract alleged in the petition; second, whether profits were realized from sales of timber by the latter.

While there is a contrariety of proof as to this question, we think the weight of the evidence is to the effect that the contract was substantially made as claimed by appellee. Appellee is a son of appellant's, and it appears from the evidence that the appellant, K. F. Daniel, who has had thirty years' experience in handling timber, was conducting his operations in that line in the name of his wife and co-appellant, Elizabeth Daniel. Although the money used in the business was furnished by him, sales of timber and deeds therefor were in every instance made to the wife.

Appellee testified not only that the contract, as alleged in the petition, was made between himself and the appellants, but, in addition, that he purchased a large quantity of standing timber from one Tom Moore, by whom it had previously been purchased under a number of contracts taken in the name of D. Y. Coombs, appellants furnishing the money with which to pay for same; that from the sale of the timber thus purchased appellants were to retain from the proceeds the money which they had furnished to pay for the timber and the cost attending its sale, and the profits were to be divided equally between them and appellee. The evidence in behalf of appellee cannot be said to sustain the allegations of the petition as to the sale made by appellants of the timber to the Hamilton Realty Company, but does show the making by the latter of other sales of the timber, the prices realized therefor and the profits to be divided between the parties.

The appellant K. F. Daniel in testifying contradicted appellee as to the character and terms of the contract, but admitted enough to show that he had employed him to purchase some of the timber in question and agreed to pay him for his services one-half the profits realized thereon. Indeed, a letter written by him to appellee, which appears in the record, contains these statements:

"When I told you you could have *a* interest in this timber, I didn't mean that you should have *a* interest in all the timber that I could buy. I meant to give you a

share of the timber which was taken up and branded with the letter K, after Betsy Daniel got all of her purchase money back."

The above statements corroborate the appellee that there was a contract between him and appellants, whereby they were to buy some timber, sell it and divide the profits, after repaying to the appellants the amount furnished in the purchase of the timber. It is patent, however, from the evidence, that when the timber was sold the profits were larger than was anticipated by the parties to the contract, which, according to the testimony of appellee, so excited the avarice of the appellant K. F. Daniel, as to lead to his refusing a division with appellee of the profits at all. The evidence introduced by appellee, while not sufficient to sustain the averments of the petition as to the entire amount of profits claimed to have been realized for the timber purchased by him and sold by appellants under the contract, does fairly establish the following facts: That 449 trees purchased by appellee under the contract from the Stacy land, 356 trees from the Baker land, and a considerable number from the Caldwell land, costing in the aggregate $642.50, were sold by the appellants for $1,991.00, which, after repaying to appellants the money they had furnished in the purchase of the timber, left a net profit of $1,348.50, to one-half of which $674.25, appellee was entitled under his contract with appellants, but the verdict of the jury only allowed him $600.00 of this sum.

It further appears from the evidence that timber other than that last above mentioned, which had been purchased by appellee under the contract, was also sold by appellants for a profit, none of which they were made to account for by the jury, but as appellee has not taken a cross-appeal from the judgment we are not concerned with the loss of profits he sustained upon the sale of that timber. From our consideration of the evidence we are unable to say that the verdict of the jury did the appellants any injustice.

Appellants' complaint of the instructions cannot be sustained. But two instructions were given, both of which are substantially free of error. They in substance advised the jury that if they believed from the evidence that appellee and appellants entered into an agreement to buy timber for the purpose of a resale, appellants to furnish

the money and appellee to do the buying and the latter did buy timber for that purpose in Perry County, Kentucky, the deeds to which were made to the appellant Elizabeth Daniel; that such timber or a portion thereof was afterwards sold by appellants at a profit, and that under the agreement between the parties they were, after repaying the latter the money they advanced to purchase the timber, to divide the profits equally, that is one-half to appellee and one-half to appellants, their finding should be for the appellee, in a sum equal to one-half of the profits derived from the resale of the timber, or any part thereof, not to exceed the amount claimed in the petition; but upon the other hand, if they believed from the evidence that no timber purchased under the contract was resold at a profit, then the finding should be for the appellants.

The record discloses no prejudicial error in the admission or rejection of evidence.

Judgment affirmed.