## Floyd Lowe and O. R. Lowe v. Broad Bottom Mining Company.

(Decided March 3, 1922.)

### Appeal from Pike Circuit Court.

1. Notice—Manner of Service.—A notice required to be given by written contract which does not prescribe the manner in which it shall be given further than to provide that it shall be in writing does not have to be served in the particular manner prescribed by the Code for serving notices required by law, but may be delivered by mail or any informal manner that carries the written notice to the party to whom it is due.

2. Notice—Notice to Corporation.—Delivery of such a contract notice to the general manager in active charge of a corporation's business is prima facie a delivery to the corporation.

3. Pleading—Failure to State Cause of Action—Cancellation of Mining Lease.—The petition did not state a cause of action for cancellation of a mining lease where it did not allege that required payments of royalties had not been made within the time after

notice in which the lessee had the right under the lease to avoid a forfeiture by making the payments.

4.  Pleading—Supplying Material Allegation.—A notice to the stock-holders copied into and filed with the petition containing such an allegation, without averment that the statements contained there-in are true cannot supply a material allegation not otherwise made in the petition.

PICKLESIMER & STEELE for appellants.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellants, Floyd Lowe and O. R. Lowe, executed a coal mining lease upon their lands to parties who as-signed the lease to the appellee, Broad Bottom Mining Company. Thereafter the company opened up mines upon the land and was operating same when appellants instituted this action to cancel the lease. A demurrer having been sustained to the petition and, appellants de-clining to plead further, same was dismissed.

The lease contains the following clause:

"In the event the lessees or their assigns or successors fail to pay the royalty to be paid under the provisions of this lease, for a period of sixty days, the lessors, their heirs and assigns have the option by giving notice of ten days in writing to the lessees, to terminate this lease, but upon failure of payment within said time this lease shall become null and void."

The petition alleges that appellee paid the royalties up to January 14, 1919; that on July 14, 1919, appellants gave written notice to appellee of their election to exer-cise the option to cancel and that unless payment was made of the full amount due within ten days thereafter the lease would be considered null and void. This notice, together with the sheriff's return, is filed and made a part of the petition. The officer's return of execution recites that the notice was served upon the defendant corpora-tion by delivering a copy thereof to "P. W. Day, general manager of Broad Bottom Mining Company."

It is first insisted by counsel for appellee that such service upon the general manager rather than upon the chief officer of the company in the county is not good ser-vice, under section 628 and subsection 33 of section 732 of the Code; that therefore the petition shows that the notice required by the contract was not properly given and for this reason the demurrer was properly sustained to the petition.

With this contention we cannot agree. The lease provides only for notice in writing to the defendant and this is alleged to have been given. The notice filed with the petition as an exhibit shows how this was done and is therefore to be considered in connection with the allegations of the petition upon demurrer, as it is well settled that an exhibit, while it cannot supply an omitted essential averment, may cure or aid a defective allegation, and will control if it contradicts the allegations of the petition with which it is filed as the basis of the action. See notes to section 90 of the Code.

But this is not a notice required by the Code that must be served by an officer in the particular manner prescribed by the Code. The provisions of the contract do not prescribe the manner of giving the notice other than it shall be in writing and under all of the authorities this could have been done by mail or any other informal manner that carried the written notice to the defendant. 20 R. C. L. 344. And while we have not been able to find a case directly in point we feel sure a delivery to the general manager of a corporation of the required writing is *prima facie* a compliance with the contract. Upon consideration of the demurrer we must assume that P. W. Day was the general manager in active charge of the company's business, and the fact shown by the exhibit that the notice was delivered to him was not contradictory of the allegation of the petition that it was delivered to the corporation, as presumably he had authority from the corporation to receive such a communication.

The next alleged defect in the petition is much more serious. It is nowhere alleged therein that the defendant failed to make the payments within ten days after receipt of the notice, which by the contract is essential to a cancellation, unless we can consider as an allegation of the pleader a recitation found in a notice copied in the petition and which it is alleged was subsequently served upon all of the stockholders of the corporation; but this we can not do. This amounts to no more than a statement of the pleader that he had informed the stockholders the payment had not been made within the ten days without affirmation that it is true.

We are, therefore, of the opinion that the court did not err in sustaining the demurrer to the petition or in dismissing same upon plaintiffs' declining to plead further.

Judgment affirmed.