# Fiscal Court of Pendleton County v. Pendleton County Board of Education.

(Decided October 20, 1931.)

590

JOHN E. SHEPARD and H. B. BEST for appellant.

L. P. FRYER and JOHN P. McCARTNEY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This suit was instituted by the county board of Education of Pendleton county against the fiscal court of that county to compel it to levy a tax rate of 75 cents per $100 for school purposes for the fiscal year beginning July 1, 1931, in accordance with a budget which had been submitted to it. The fiscal court disregarded the recommendation and demand of the board of education, and made a levy of 50 cents. The appeal is from a mandatory order entered by the circuit court directing the fiscal court and its members to make the levy as asked by the board of education.

The legal procedure was proper, and the power of the court to require the fiscal court to comply with the demands of the school board, if made in accordance with the statutes, cannot be denied. Board of Education of Marshall County v. Fiscal Court of Marshall County, 229 Ky. 774, 17 S. W. (2d) 1009; McCreary County Fiscal Court v. McCreary County Board of Education, 236 Ky. 149, 32 S. W. (2d) 741. A substituted budget was submitted, and it is the one with which we must deal. This budget contained an estimate of expenses necessary for the operation of the school at Butler, in Pendleton county, and an item of $5,000 to apply on the payment of a reported indebtedness of $10,000. These two items are submitted as being unauthorized and illegal, and therefore justified the fiscal court in rejecting the budget or rather in reducing the levy to 50 cents, which it is shown had been the tax during the previous years, but for school terms of seven instead of eight months. It is also argued that the petition was demurrable in that the budget, as submitted to the fiscal court, was illegal, as it was not alleged to have been approved by the state superintendent of public instruction and its adoption by the county board was not alleged; also an insufficient averment as to the taking over of the Butler graded school, the expenses of which are included.

Prompted by suggestions and criticisms in appellant's brief of the action of the county board, it may be observed before entering upon a consideration of the

points involved that the courts are not concerned with the wisdom or lack of wisdom of the policy adopted or pursued by the board of education in the management of the schools. We are to determine only whether it is within the purview of the statutes. Nor are we concerned with the wisdom of the laws themselves.

The text of the petition is not as full and definite as good pleading perhaps demands, but the budget, alleged to have been submitted to the fiscal court, is set out in *haec verba,* and it shows on its face that it was prepared in accordance with the statutes, and that the essential requirements were met. Section 4399a-8, Statutes. A copy of the budget was also filed with and made a part of the petition by reference. The rule expressed generally that an exhibit will not make a bad petition good is not applicable. Here it is set forth in the pleading, and is a portion of its body. The petition states whatever it states. Gordon v. Mames, 10 Ky. Op. 175; 49 C. J. 616. It is also a recognized rule, that while an exhibit cannot supply omissions, it may cure or aid a defective allegation. Lowe v. Broad Bottom Mining Co., 194 Ky. 88, 238 S. W. 192. Of special application see Howard v. Howard, 236 Ky. 557, 33 S. W. (2d) 635.

The petition alleged that an original budget, also copied in full, had been submitted to the defendant with the request for a 75-cent levy, and that subsequent to its preparation ''the plaintiff took over the Butler Graded High School district in said county as a part of the school system of said county, and through an oversight and mistake failed to make a correction of said budget including said district before filing same, as aforesaid, on April 7, 1931.'' This supplemental budget was alleged to include the Butler district expenses, and to have been filed as provided by the statute. Criticism is leveled at this allegation with respect to the Butler school, as being indefinite and as a conclusion of the pleader. Ordinarily a demurrer will not lie because of indefiniteness in the statement of facts. Daniel v. Daniel, 166 Ky. 182, 179 S. W. 5. The averment was not material to the issue, although it became the basis of an attack upon the validity of the merger of that school into the county public school system.

Considering the petition as a whole, and judgment having been rendered thereon, we cannot sustain appellant's contention on this point.

As stated, justification of the act of the fiscal court, and the claim of subsequent error on the part of the circuit court in requiring that body to make the levy asked for, is sought to be established upon the ground that the budget contained an estimate of expenses necessary to carry on the school at Butler which, as appellant contends, was a separate district, as the attempted annexation to or merger with the county school system was void and ineffectual. Section 4475a-1, of the Statutes, provides that two districts may be combined simply "by concurrent action" of the two boards when it is "desirable in order to provide more economical or efficient administration of schools." In this instance, there was submitted to the county board, as disclosed by its minutes, a communication signed by the chairman and secretary of the Butler graded school board certifying that at a regular meeting held by it on April 13, 1931, amending and ratifying a previous resolution adopted at a special meeting, it was unanimously resolved, "After careful deliberation and due consideration" to enter the school into the Pendleton County public school system, "with the understanding that the graded school board should be allowed to retain the management of the school during the remainder of that school year ending June 30, 1931," and after that date the control of the school should pass to the Pendleton county board of education. Application to the county board for entrance into the county system was accordingly incorporated in the communication. The county board, after setting forth in full this communication, declared that the application was duly accepted "to take effect June 30, 1931."

We do not regard it necessary that the two boards should have incorporated in their minutes a declaration that the consolidation had become desirable in order to provide more economical and efficient administration (the preamble to the authority to combine), for the action of the board in doing so is the declaration. Certainly, failure so to record an expression of desirability cannot render the act void.

In our opinion, this action met the terms of the statute calling for the concurrent action of both boards, and, so far as its formality is concerned, was sufficient to and did constitute the merger.

Going behind the action of the board, it is argued that the statute under which it was taken is unconstitutional because the text of the act of the Legislature

(chapter 56, Acts 1928), authorizing two or more school districts to combine, is not indexed by the title in accordance with the demands of section 51 of the Constitution. The title is as follows:

> "An Act prescribing procedure whereby adjacent school districts in any county may be combined; also designating procedure and means whereby county, city and graded common school district boards of education may transfer students of any grade from one school district to a public school in another district without changing district boundaries."

The text of section 1, the only part involved here, is as follows:

> "When cooperation of a graded common school district with the county school system of the county in which the graded school is situated becomes desirable in order to provide more economical or efficient administration of schools, the board of trustees of the graded school district and the county board of education may by concurrent action combine the graded school district with the county district, and the members of the board of trustees of the graded school district may serve as additional members of the county board of education for the remainder of the terms for which they were respectively elected, and the county board of education shall assume all legal liabilities and assets of such school district."

It is submitted that the title is limited to a statement that procedure for combining adjacent school districts is the purpose of the act, while the body of the act confers a power to combine the two districts; that the title presupposes the existence of the power and does not indicate that it is being granted by the legislation. This demand of section 51 of the Constitution has given rise to more frequent attacks upon the validity of legislative acts than any other, and its interpretation and application is to be found in many cases. It has been often declared that a title expressing the general subject will cover a great variety of related matters, yet it cannot support a provision foreign to such a subject. As stated in Wiemer v. Commissioner's Sinking Fund of Louisville, 124 Ky. 377, 99 S. W. 242, 244, 30 Ky. Law Rep. 523: "All that is required is that the body of the act should be so

related to the title as to be easily and naturally embraced within its terms, or, as it is sometimes said, they must be germane to each other." The title is sufficient if it fairly gives notice of the subject-matter dealt with in the act.

Bearing in mind the fundamental rules controlling us, that an act of the Legislature is to be sustained unless clearly offending constitutional mandates, and that every consistent effort is to be made to harmonize the act and the Constitution [Campbell v. Commonwealth, 229 Ky. 264, 17 S. W. (2d) 227, 63 A. L. R. 932], and the further rule that in applying this provision a narrow or technical construction will not be allowed (Ogden v. Cronan, 171 Ky. 254, 188 S. W. 357), we do not regard the title so restrictive as to destroy the act by holding that the word "procedure," used in the title, did not put on notice members of the General Assembly that the proposed legislation was to authorize the various combinations of independent school systems. The validity of the act and the right to merge into the county system a graded school, operating under a building scheme similar to that at Butler (see Gosney v. Butler Graded School, 219 Ky. 242, 292 S. W. 781), was recognized in Button v. Trimble County Board of Education, 235 Ky. 771, 32 S. W. (2d) 345. There is nothing in the opinion of State Board of Education v. Brown, 232 Ky. 434, 23 S. W. (2d) 948, which militates against this conclusion, or which holds that the act offends the provisions of section 51 of the Constitution. It is simply said that this act did not affect the issue involved, but if it should be so considered, then as the subject was not embraced within the title, it was invalid to that extent.

As above stated, the budget included an item of $5,000 for "Payment of short term loans," and also disclosed an outstanding indebtedness of the county board of education of $10,000. It was shown in evidence that, at the date the budget was made up, the board was indebted for borrowed money in the sum of $8,500, and it was estimated that at the end of the current year it would owe $4,000 for the tuition of high school pupils, including $2,000 to the Butler graded school district then to be absorbed. This indebtedness was due, according to the evidence, to the insufficient levy of 50 cents for the previous two years. It is insisted by the appellants that the debt was and is illegal, and that the fiscal court could not be compelled to levy a tax to pay any part of it.

As stated in Elliott County Fiscal Court v. Elliott County Board of Education, 193 Ky. 66, 234 S. W. 947, the payment of valid debts is necessary for the proper maintenance of the schools, and a provision for their payment may be included in the budget; and further, that the mere existence of an indebtedness does not raise the presumption of illegality. However, as has also been stated, if upon proper pleading and proof it is found that the debt is illegal, the item should be eliminated, and the tax rate sought to be imposed might be reduced proportionately. Breathitt County Fiscal Court v. Breathitt County Board of Education, 191 Ky. 437, 230 S. W. 914, and County Board of Education v. Fiscal Court of Daviess County, 221 Ky. 106, 298 S. W. 185.

The answer in this case charges in a general way that the item included for the payment of the debt was for the purpose of paying an illegal indebtedness incurred in the preceding years by the board having expended more than the available revenue in violation of the law, and that the board had undertaken to obligate itself to pay this illegal debt. The attack is more indefinite and defective than the pleading referred to in the Breathitt County case, supra, which was held insufficient to raise an issue. It is the settled rule in this jurisdiction that it is incumbent upon one challenging the validity of an indebtedness of a municipality or of a tax levy to pay an obligation to allege as well as prove facts showing its invalidity. Elliott County Fiscal Court v. Elliott County Board of Education, supra; King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053; Parsons v. Arnold, 235 Ky. 600, 31 S. W. (2d) 928. The pleading in this instance falls far short of compliance with that rule.

It appearing that the action of the court in granting the relief sought by the petition was proper, the judgment was affirmed.