## Madison County Board of Education v. Madison County Fiscal Court.

(Decided Nov. 4, 1932.)

(As Extended on Denial of Rehearing Dec. 16, 1932.)

202

ROSS & ROSS for appellant.

JAMES S. LACKEY, County Attorney, and G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The Madison County Board of Education brought this action for a mandamus to compel the Madison County Fiscal Court and its members to make a levy of 75 cents on each $100 of taxable property in the county subject to taxation for school purposes. The case was submitted on the pleadings, exhibits, and an agreed stipulation of facts, and the trial court entered a judgment dismissing the petition as amended, and the board has appealed.

In February, 1932, and before the total assessed valuation of property subject to taxation for county

school purposes had been determined, the board of education, pursuant to section 4399a-8, Kentucky Statutes, prepared and filed with the county clerk an itemized budget showing the amount of money needed for school purposes for the year 1932-33, its estimated income from sources other than county taxation and the amount to be raised by a county tax. The expenditures were estimated at $123,227, which included payment of $5,000 on an outstanding debt and $2,400 interest. The estimated income from sources other than county taxation was $56,000, leaving $67;277 to be raised by local taxation. The assessed valuation of property subject to taxation for county school purposes was estimated at $13,455,400.

A levy of 50 cents to raise this amount was requested. The fiscal court made a levy of 40 cents. The budget showed that there was an outstanding indebtedness against the board of education of $35,000. On June 7, 1932, a supplemental budget was submitted which showed that the assessed valuation of property subject to taxation for school purposes as finally fixed by the board of supervisors amounted to $12,859,730, and that the amount to be raised by local taxation was $96,394.98, which included the outstanding debt of $35,-000. A levy of 75 cents was requested, but the fiscal court refused to increase the levy of 40 cents theretofore made, and this litigation followed.

The fiscal court refused to make the additional levy requested on the ground that the budget showed on its face that an illegal item of $35,000 was included and that a 40-cent levy would raise an amount sufficient to cover the legal items in the budget. A correct decision of the case depends upon whether or not the item of $35,000, which represented an outstanding debt, was legal. If it had been legally ·incurred by the board, then it was proper to include it in the budget. Downey v. Board of Education of Logan County, 243 Ky. 66, 47 S. W. (2d) 931.

The record discloses that the board of education had been carrying a debt for a number of years. In 1927, a budget submitted to the fiscal court showed that the amount to be raised for the year 1927-28 by local taxation was $76,600. The assessed valuation of property subject to taxation for school purposes was $15,-255,370. The board recommended that the fiscal court

make a levy of 40 cents on each $100 of taxable property in the county subject to taxation for school purposes, and that it impose upon the male voters residing in the territory affected by such a tax a capitation tax of $1 each. There were approximately 4,000 male voters subject to a capitation tax. Clearly the levy requested would not have raised the amount shown by the budget to be necessary to operate the schools of the county during the succeeding school year. The board later filed an amended budget and requested a levy of 50 cents. The fiscal court failed to comply with the demands of the board, and levied a tax of 40 cents on each $100 of taxable property, and imposed no capitation tax upon the male voters. It will thus be seen that the amount of revenue provided by the tax levy was nearly $20,000 less than the amount shown by the budget to be necessary.

In the budget submitted for the school year 1928-29, the amount to be raised by local taxation was fixed at $65,400, and a 40-cent levy was recommended. The fiscal court fixed the rate of the levy for school purposes at 40 cents, but failed to impose a capitation tax. The budget for the year 1929-30 fixed the amount to be raised by local taxation at $84,000, and the board of education recommended a 40-cent levy. The fiscal court made a levy of 40 cents, but imposed no capitation tax. The assessed valuation of taxable property for that year was $15,064,230. It was perfectly apparent that a 40-cent levy would raise only $60,256.92 and that a large deficit would result unless the fiscal court made a higher levy, since the amount to be raised by local taxation shown by the budget to be necessary to operate the schools during the year was $84,000. This amount was arrived at by deducting the board's income from sources other than local taxation from the total amount of estimated expenditures which were itemized in the submitted budget. It does not appear that the budget embraced any illegal items. The rate of taxation recommended by the board was a patent error, and it was the duty of the fiscal court to fix a rate sufficient to raise the amount required unless the budget embraced illegal items.

Section 4399a-8, Kentucky Statutes, as construed in numerous opinions of this court, makes the county board of education the judge of the needs of the schools as well as the rate of taxation to be levied by the fiscal

court to meet its requirements, and requires the fiscal court to make the levy demanded within the limits fixed by statute unless there is a showing of bad faith on the part of the board of education or illegal items are included in the budget. If a levy is demanded which would exceed the requirements of the board to such an extent as to show bad faith on its part, or if illegal items are embraced in the budget, the fiscal court may refuse to make the levy demanded and may fix the levy at a rate that will raise an amount sufficient to meet the board's estimated legal expenditures. On the other hand, if the board of education, through error or otherwise, demands a rate of taxation which is patently insufficient to raise the amount of money required to operate the schools as shown by the budget, it is equally the duty of the fiscal court to make a levy within the limits fixed by statute adequate for that purpose. Allen County Fiscal Court v. Allen County Board of Education, 242 Ky. 546, 46 S. W. (2d) 1070.

The budget for the year 1930-31 showed that it was necessary to raise $59,530 by local taxation. The total assessed valuation of property for that year taxable for school purposes was $15,054,180. The board of education in the budget submitted by it demanded a 40-cent levy and a $1 capitation tax. Later an amended budget was filed and a 45-cent levy was demanded. The fiscal court fixed the levy at 40 cents and failed to impose a capitation tax. The levy fixed by the fiscal court failed by nearly $12,000 to raise the amount required.

It is apparent that the indebtedness of the board of education was caused by the failure of the fiscal court to fix the rate of taxation for the various years, beginning in 1927, sufficiently high to raise the amounts demanded and required by the board of education. It probably would have been better practice if the board had taken proper proceedings each year to compel the fiscal court to make the required levy, but it failed to do so, and the deficits created by reason of the fiscal court's failure to make the necessary levies were carried over from year to year as an indebtedness of the board. It was apparently the purpose of the board to reduce this indebtedness at the rate of $5,000 a year, but when the bank, which had been making the loans to the board to enable it to carry this indebtedness, refused to continue the loans, it became necessary for the

board to include the total indebtedness in its budget as an item of expenditure for the year 1932-33.

In Hockensmith v. County Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656, relied upon by appellees, it was held that all expenditures made by a board of education in excess of the amount demanded by it in its budget were invalid, but it was held, in substance, in that opinion, that the expenditure by the board of the amount demanded in its budget would be legal, although the fiscal court failed to make a levy sufficient to raise that amount.

There is no claim in the instant case that the board of education expended during any one year more than the amount demanded in its budget. It is not claimed that the $35,000 item is an illegal debt, and, if it was legal when created, it is legal now, and provision for its payment may be included in the budget. Downey v. Board of Education of Logan County, supra; Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885; Elliott County Fiscal Court v. Elliott County Board of Education, 193 Ky. 66, 234 S. W. 947.

However, the argument is made on behalf of the appellee that no attack is being made on any indebtedness owing by the board of education which was created prior to the school year 1931-32 and that the validity of such indebtedness is not questioned, and it is insisted that the only question presented is the right of the fiscal court to refuse to levy a tax to meet an illegal item contained in the budget. This argument is based on the theory that the items of indebtedness appearing in the 1932 budget consisted of unpaid salaries due to teachers and other employees of the board and the tuition payable to other districts for the year 1931-32, all of which were included in the budget submitted for that year and to meet which a sufficient tax had been levied in 1931. It is claimed that this item was included in the estimated expenditures set out in the 1931 budget, and, the money raised by taxation to meet it having been expended for other purposes, the fiscal court cannot be required to make another levy to meet the same item.

The agreed stipulation of facts shows that the actual indebtedness of the board of education is $33,129.72 and is composed of the following items: Salaries due

to teachers, $26,119.50; tuition payable to other districts, $4,830; salaries due to drivers of school trucks, $900; administrative and miscellaneous expenses, $1,280.22. It is apparent that all of this indebtedness is for services rendered by employees of the board during the last few weeks of the school term. While it is now an indebtedness to these employees, it is really the same indebtedness which had been carried over from year to year in the form of a loan from a bank and which represents the sum of the deficits created by the failure of the fiscal court to levy a sufficient tax to meet the requirements of the various budgets submitted to it. The indebtedness has merely been shifted from the bank to the employees of the board. It had been the custom of the board, evidently for the purpose of reducing the interest charge, to pay off the loan to the bank during December and January of each school year after it had received the taxes for the year and later to renew the loan. Following this custom, it paid off the last loan made by the bank on January 6, 1932, with the expectation of renewing it later. The transaction really amounted to this: The board borrowed from itself surplus funds in its hands intended for the expenses of the schools during 1931-32 to liquidate temporarily an outstanding legal debt. It had followed this procedure for a number of years, and had thus materially reduced the interest charges on its indebtedness. However, the bank refused to renew the loan later when the board needed the funds to meet its current expenses with the result above indicated.

We conclude that the item of indebtedness was properly included in the budget, and that the lower court erred in refusing to issue a writ of mandamus compelling the fiscal court to fix a rate of levy sufficient to raise the amount demanded.

The judgment is reversed, with directions to enter a judgment conforming to this opinion unless the parties, in order to prevent the full burden of this indebtedness from falling on the taxpayers in one year, agree to prorate it over a period of years, in which event the court will enter a judgment in accordance with such agreement.