## Madison County Board of Education v. Madison County Fiscal Court.

(Decided June 2, 1933.)

ROSS & ROSS and BURNAM & GREENLEAF for appellant.
JAMES S. LACKEY and G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming in part and reversing in part.

The facts of this case are stated in the former opinion. See Madison County Board of Education v. Madison County Fiscal Court, 246 Ky. 201, 54 S. W. (2d) 652, 654. That opinion concludes with these words:

"We conclude that the item of indebtedness was properly included in the budget, and that the lower court erred in refusing to issue a writ of mandamus compelling the fiscal court to fix a rate of levy sufficient to raise the amount demanded.

"The judgment is reversed, with directions to enter a judgment conforming to this opinion unless the parties, in order to prevent the full burden of this indebtedness from falling on the taxpayers in one year, agree to prorate it over a period of years, in which event the court will enter a judgment in accordance with such agreement."

On the filing of the mandate in the circuit court judgment was entered pursuant thereto on February 6, 1933. The fiscal court met on February 8, 1933, and made a levy of 25 cents in addition to the levy of 40 cents, which had been previously made. The board of education thereupon filed a motion for a rule against the fiscal court to show cause why its members should not be punished for contempt of court for failure to obey the judgment entered on February 6, 1933. The rule was issued. By its response to the rule, as well as by written answer filed thereto, the fiscal court alleged that the board of education, by its representatives, appeared before the fiscal court and it was then and there agreed between them, the fiscal court and the county treasurer, that the additional

levy necessary to be raised by the defendant for school purposes for the fiscal year 1932-33 should be 65 cents or an additional 25 cents over and above the 40-cent levy already made by the court. At the time of the making of the agreement, the county treasurer was present, also the representatives of the Madison county board of education and agreed that the 25 cents additional levy would be ample and sufficient to meet the requirements of the board of education for the year 1932-33. A reply was filed to the answer of the fiscal court which did not controvert its allegations as to the above agreement.

The Madison Southern National Bank & Trust Company as treasurer of the Madison county board of education filed its petition stating the facts as to what had been done and praying the court to determine, for its protection as treasurer, what claims it should pay out of the levy made by the fiscal court. The board of education had filed at the beginning with the fiscal court its budget showing that the teachers should be paid $90,859.98, but after the fiscal court made a levy of only 40 cents it prepared what was called a temporary schedule under which the teachers would be paid $67,912.76. The purpose of this schedule was to have the schools go on while the appeal to this court was pending, in which the school board sought a judgment requiring a levy of 75 cents. The opinion of this court on the appeal was rendered November 4, 1932, but it did not become final until December 30, 1932, and after this the proceedings to enforce the mandate were taken in the circuit court as above stated, and in the meantime the schools were going on. The circuit court on March 3, 1933, entered a judgment discharging the rule against the fiscal court and adjudging that the additional 25-cent levy, made by the fiscal court, should be applied to the payment of the items listed as debt service of $33,-129.72, and that $67,912.76 and not $90,859.98 was the amount to be paid to the teachers; that the trustees should pay the teachers only the total sum of $67,912.76, and should first pay the debt service of $33,129.72. From this judgment the school board appeals.

The fiscal court was only authorized to make a levy of 75 cents. It made a levy of 65 cents, so the only thing in controversy between the board of education and the fiscal court is a levy of 10 cents. But the levy

of 25 cents was made under the admitted allegations of the answer upon an agreement between the parties, and the board of education had authority to agree upon what levy was necessary. It was a matter upon which the parties could agree. If the representatives of the board had no authority to make the agreement, this was a matter which should have been pleaded. The circuit court therefore properly held that the rule against the fiscal court should be discharged. In addition to this the tax books for this year have been made out and it would create great confusion and expense to make another levy of 10 cents so near the end of the fiscal year on July 1st. If any part of the debt remains unpaid, it may be provided for in the levy for the fiscal year beginning July 1, 1933, and no substantial injury will result to the parties. If there is no agreement to prorate the debt over a period of years, as indicated in the former opinion, it should all be provided for in the levy made for the next year.

The schools were going on when the case was before the circuit court. The temporary schedule was made to govern the distribution of the 40-cent levy which the fiscal court had made. This court having held that the fiscal court should originally have made the 75-cent levy, the teachers are entitled to be paid for their services under the original budget, if they in fact taught their schools for the full term as therein required. The circuit court instead of directing the treasurer to pay the teachers only $67,912.76, should have directed the treasurer to pay the teachers what was coming to them, and should have directed the remainder of the fund to be paid upon the debts. The court should have directed the treasurer to pay the teachers on the certificate of the board as to the amount due each respectively. He could not know then whether any particular school would be taught the full length of term under the original budget or for the shorter term under the temporary budget. The record does not show how long the schools were in fact taught. The board of education may determine what amount is coming to any teacher and upon the certificate of the board as to the amount due the teacher, the teacher may be paid by the treasurer. On the return of the case, judgment to this effect will be entered on the petition of the Madison Southern Na-

tional Bank & Trust Company as treasurer of the board of education.

The judgment as to the fiscal court is affirmed. The judgment on the petition of the treasurer is reversed and cause remanded for a judgment as above indicated.