# City of Richmond v. Durham.

(Decided June 14, 1935.)

JOHN NOLAND and GEO. C. ROBBINS for appellant.

H. O. PORTER for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is a proceeding under chapter 22 of the Acts of 1932 (Ky. Stats. secs. 186c-6 and 186c-7, 1933 Supplement) for the approval of a proposed issue of bonds necessary to fund the floating indebtedness of the city of Richmond. It is alleged and proved that a part of the indebtedness sought to be funded consists in an item of $14,378.08 representing a valid emergency overexpenditure in connection with the construction of sewers and a sewer disposal plant during the years 1928 and 1929. An itemized statement of every expenditure made in this connection is filed in the record and is explained in the testimony of various witnesses, including the engineer in charge of the construction. The only other material items of indebtedness consist in two notes, one for $15,000 and one for $35,000, to the State Bank & Trust Company of Richmond, both executed within the limits of anticipated revenue. It is shown in evidence that the notes in question are in part renewals of previous notes similarly executed and partially unpaid, beginning in 1930 and gradually increasing until 1934. It is further shown that the overexpenditures have resulted in part from a falling off of revenues and from

a failure to collect all of the anticipated revenues during the years in question. It is further shown, by the audit filed in the record, that, at the time each of the notes given in anticipation of revenue was executed, it was not in excess of the amount that the city had a right to borrow. It affirmatively appears, therefore, that the overexpenditure in the sewer disposal fund and the two notes aggregating $50,000 constituted valid debts at the time of their creation. If an indebtedness is valid at the time it is incurred, it cannot be rendered invalid by incurring other indebtedness not indispensably necessary to the maintenance of the government. Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066.

The court can with propriety, then, approve the issue of bonds covering these items of indebtedness, together with interest accrued thereon to September 1, 1934, the date of the issue of bonds, making a total of $65,535.08, of which we approve, out of the total issue of $70,000.

There is no evidence showing how or in what manner the remaining portion of the floating indebtedness was created, and the appellant has therefore failed to this extent to sustain the burden of proof placed on it.

It does not appear (under section 186c-7) that the officials in office at the time of the creation of the indebtedness herein considered have not had due regard for the finances of the city during the time in which the indebtedness was created or that any of such officials have knowingly violated section 428lu-4 of the Statutes. With the exception of the year 1929, when the excess of expenditures over anticipated revenue amounted to approximately $29,000, which is partially explained by the unusual sewer condition, the excess expenditures have not been so large as to indicate of themselves bad faith on the part of the officials concerned. In view of the explanations offered, we do not feel that these overexpenditures justify our disapproval of the bond issue. No affirmative proof of mismanagement is adduced.

The trial court, taking the view that this action was "too friendly," appointed two attorneys to defend it, and allowed them a fee to be taxed as costs. Appellant complains of this action, but has failed to make either

of the attorneys a party to this appeal. Under these circumstances, we are not at liberty to consider the question. Bartlett v. Louisville Trust Co., 212 Ky. 13, 277 S. W. 250.

Judgment reversed.