## Lee v. Board of Education of Bell County.

(Decided Nov. 19, 1935.)

E. B. WILSON for appellant.

LEE R. WILSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The case tests the validity of bonds authorized by the county board of education of Bell county to fund a floating indebtedness. The facts are adduced by both pleading and proof. There has been a gradual increase

in the indebtedness of the board beginning with a deficit in revenue for the fiscal year ended June 30, 1928, so that the debt now aggregates $58,354.55. Some of the creditors have agreed to scale their claims for present payment and the amount necessary to satisfy all of the debt is $55,000. A statement of these various obligations is filed, and the evidence shows some of them have been reduced to judgment. The others are proved to be for legal purposes. The several school budgets were made up in accordance with the specifications prepared by the state board of education, and were approved by that body. In no year were obligations assumed in excess of what is made to appear was a fair estimate of anticipated revenue. But there were unexpected material decreases in franchise assessments for the county (which are made by the state tax commission) and likewise, but in less degree, in the tangible assessments. There was also an unusual amount of exonerations allowed from the payment of tax bills. Hence, each year the sums actually received were less than the reasonably anticipated revenue. It may be said that the county board progressively reduced its budget requirements after 1930-31 from $125,350 to $96,478 for 1933-1934. A sum was annually set aside for the partial payment of its debt, but only in one year was the board able to pay anything on it because of the decrease in revenue. For the year 1928-29 the tax levy made by the fiscal court on the request of the board of education was 64 cents, but thereafter it was 75 cents, the authorized maximum. The estimated expenditures were within the expected revenue. The evidence therefore discloses that these annual debts arose from casual and unexpected deficits in revenue, which were based upon levies actually made rather than what might have been made.

Section 157 of the Constitution declares that no county, city, town, taxing district, or other municipality shall incur any obligation "to an amount exceeding, in any year, the income and revenue provided for such year," without the vote of the people. Emphasis should be placed upon the word "provided." The Bell county board of education had annually provided revenue sufficient to meet its needs and obligations, but the provision proved to be inadequate for causes wholly beyond its control and not reasonably to be anticipated. The case, therefore, is distinguishable from Hockensmith v.

County Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656, where the annual deficits arose from expenditures exceeding the maximum levy or a failure to request or have a levy made within the maximum. Of like character was the debt attempted to be covered by bonds in Downey v. Board of Education of Logan County, 243 Ky. 66, 47 S. W. (2d) 931, where the board had requested an additional 15 cents' levy to cover the cost of emergency school building construction, but which the fiscal court had not levied. In Allen County Fiscal Court v. Allen County Board of Education, 242 Ky. 546, 46 S. W. (2d) 1070, 1071, we reiterated that it is the duty of the county board to live within its income, and that it has no right to spend any money in excess of that which it receives. But in respect to the preparation of the board's budget it was said:

> "Though it is possible to fix the amount of its expenditures with reasonable certainty, mistakes are sometimes made, and unexpected obligations have to be met. With respect to its income there is more uncertainty. At the time the budget is being made up no one can say exactly how much will be received from the state, from polls, from franchises, or even from ad valorem taxation, particularly in times of depression like these. In short, the board must rely on estimates, which, in the very nature of things, are more or less problematical."

It was held in Madison County Board of Education v. Madison County Fiscal Court, 246 Ky. 201, 54 S. W. (2d) 652, that an accumulated debt arising from the failure of the fiscal court to make the levy demanded was valid and binding. The conclusion is inevitable that this floating debt sought to be funded was and is a valid and subsisting obligation.

Section 158 of the Constitution, which is a limitation on the bonded debts of the several municipalities and taxing districts, provides:

> "Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

It has been the uniform construction of this provision in recent years that a valid indebtedness could

382

be bonded by a county or city without a vote being taken thereon. Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574; Randolph v. Shelby County, 259 Ky. 79, 82 S. W. (2d) 188; City of Richmond v. Durham, 260 Ky. 95, 83 S. W. (2d) 879.

In King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053, and Hockensmith v. County Board of Education of Franklin County, supra, where the debts were invalid, we held they could not be converted into bonds, but it was not decided whether a valid debt of such boards could be so funded. It does not appear that the specific question of the power of such a board has been hitherto decided.

Although because of its peculiar status in relation to taxes, and for the reasons outlined, in the Hockensmith Case the court held that such a board could not be classed as a county or city in respect to the creation of a valid debt by reason of a failure to have sufficient tax levy made, it seems to us that it must be classed as a taxing district or municipality when it comes to funding a valid debt under the terms of the above section of the Constitution. While such a board may not in its own name or authority make a tax levy directly and independently, it does in fact fix the levy which is made. Under the statute as construed in many cases, a county board of education has the power to determine within statutory limitations what money it desires for conducting schools, and can mandatorily require the fiscal court to make a levy necessary to raise such sum. When the conditions precedent are met, there is no option or discretion given that body, so it is but the involuntary agency or instrument through which the board of education functions. Section 4399-40, Kentucky Stats., 1934 Supp.; Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885; Madison County Board of Education v. Madison County Fiscal Court, supra. This method of functioning, which tends to unify county financing, as does the use of assessments made by other officers, can make no difference in the classification of the board of education as a "taxing district" or "other municipality." These districts are created and operate in every other particular as do other municipal corporations. Ky. Stats. sec. 4399a-1a et seq., sec. 4434a-2 et seq. A specific reference to their varied governmental powers and incidents is unnecessary, but we may note the existence of

statutory power to hold special elections and issue improvement bonds under some circumstances with accompanying special levy of taxes (sections 4426-2, 4458), and that school boards in exercising these powers are subject to the limitations of sections 157 and 158 of the Constitution. Christopher v. Robinson, 164 Ky. 262, 175 S. W. 387; Booth v. Board of Education of City of Owensboro, 229 Ky. 719, 17 S. W. (2d) 1013. In Scobee v. Board of Education of Clark County, 157 Ky. 510, 163 S. W. 472, 473, the restrictive terms of section 157 were applied to the county board as being a "taxing district, or other municipality." Cf. Buckner v. Board of Education of Owensboro City School Dist., 236 Ky. 768, 34 S. W. (2d) 236. These bodies must therefore be regarded as within those provisions relating to the satisfaction or the payment of its valid obligations by funding them. Such was the conclusion in Wilson v. Board of Education of City of Russellville, 226 Ky. 476, 11 S. W. (2d) 143, holding that the graded school board (whose revenue is secured through a tax levy made by a city council and not by itself) could refund part of a bonded debt which had been incurred with the assent of the electorate, the court saying:

> "The issuance of bonds to refund these obligations adds nothing to the indebtedness of the board. Only the form of the existing debt is changed. The power to fund a valid debt is as broad as the power to incur the debt. As the bonds proposed to be issued for the purpose of discharging the indebtedness first incurred in the year 1908 will impose no additional liability, the assent of the voters is not necessary and we agree with the chancellor that these bonds will be a valid obligation of the board. Section 158, Constitution. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. [2d] 400."

The judgment being in accord with these views, it is affirmed.