HACKER BROTHERS CONSTRUCTION
COMPANY, INC., Appellant,

v.

BOARD OF EDUCATION OF WHITLEY
COUNTY; and J. L. Cooper; Virgil
Moore; Charles Craig; Steely Alsip;
and Lincoln Prewitt; Individually as
members of the Board of Education of
Whitley County for the year of 1976;
and Gorman Frazier; Steely Alsip; Lin-
coln Prewitt; J. A. Cooper; and Roscoe
Croley, Individually as present members
of the Board of Education of Whitley
County; and J. C. Cooper; Gorman Fra-
zier; and Roscoe Croley, Individually,
Appellees.

Court of Appeals of Kentucky.

Nov. 30, 1979.

Franklin Stivers, Stivers & Stivers, Lon-
don, for appellant.

William H. McCann Brown, Sledd &
McCann, Lexington, for appellees.

Gardner L. Turner, Sturgill, Turner &
Truitt, Lexington, for appellees (amicus cu-
riae).

Before GUDGEL, HOGGE and WIN-
TERSHEIMER, JJ.

GUDGEL, Judge.

This is an appeal from a summary judg-
ment order of the Whitley Circuit Court.

The issue is whether the appellant, Hacker Brothers Construction Company, Inc., and appellee, the Board of Education of Whitley County (Board), entered a valid and enforceable contract. The court below adjudged that they did not. We affirm.

After a State Department of Education survey of the Whitley County school system, a new middle school for the county was recommended. An architect was employed, and plans for the new school prepared and approved by the Board and various state agencies. A bid date was set. Appellant was the successful low bidder on the project, and on December 13, 1976, the chairman of the Board executed the acceptance portion of appellant's bid proposal. On the same date, the superintendent of the Whitley County Schools and the Board members went before the Whitley Fiscal Court asking for authority to sell revenue bonds necessary to finance the new school. The county judge/executive and the fiscal court refused to act on the request of the Board.

The term of these Board members expired December 31, 1976. In an election held the previous November, several had been defeated by candidates opposed to the construction of the new school. When the new Board took office in January of 1977, it refused to take any action to force the Whitley Fiscal Court to take the steps necessary to cause the school's construction.[1] Appellant filed this action on February 2, 1977, seeking compensatory and punitive damages for breach of contract against the Board and its individual members. On November 29, 1978, the court granted a summary judgment in favor of the appellees, and appellant prosecuted this appeal.

Appellant assigns two errors as grounds for reversal of the judgment below: (1) that the court erred when it granted summary judgment in favor of appellees on the

basis that the contract violated Section 157 of the Kentucky Constitution; and (2) when it determined that the Whitley County Board of Education did not follow the statutory procedures required by KRS Chapter 162.

Resolution of these issues requires us to review the methods available to county boards of education for financing school construction. A board's authority to contract is subject to the limitation of Section 157 of the Constitution, which provides in pertinent part as follows:

No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; . . .

Thus, if a board incurs an indebtedness by contracting for construction of a school, and its cost exceeds its income and revenue for the current year, the contract is unenforceable unless it has been approved by two-thirds of the voters of the area affected. *Scobee v. Board of Education*, 157 Ky. 510, 163 S.W. 472 (1914).

The statutes authorizing school construction are contained in KRS Chapter 162. Three separate and distinct methods are set forth. KRS 162.060 to KRS 162.100, inclusive, set forth the steps the Board must follow to incur the indebtedness itself by securing approval of the voters, as required by Section 157 of the Constitution.

KRS 162.120 to KRS 162.290, inclusive, provide two alternate methods.[2] These alternate methods avoid the restriction of

---

1. *See Fyfe, et al. v. Hardin County Board of Education*, 305 Ky. 589, 205 S.W.2d 165 (1947).

2. KRS 162.120 to KRS 162.140 provide one method; and KRS 162.150 to KRS 162.290 the other.

Section 157 of the Constitution by authorizing the county to issue revenue bonds which do not constitute an indebtedness of the county or the board. *See e. g., City of Bowling Green v. Board of Education,* Ky., 443 S.W.2d 243 (1969), and *Wagner v. Fiscal Court of Jessamine County,* Ky., 306 S.W.2d 288 (1957).

■ However, both KRS 162.130 and KRS 162.160(2), dealing with entering a contract for construction of a school where the revenue bond method of financing is being utilized, state that the county enters the contract. Thus, a board of education lacks the power or capacity to enter a contract for school construction where the revenue bond method provided in KRS Chapter 162.120 to KRS 162.290 is utilized. *Cf. Fosson v. Fiscal Court of Boyd County,* Ky., 369 S.W.2d 108 (1963).

It is clear then that if appellant is attempting to maintain this action on the basis that it has a valid contract with the school board, the contract is unenforceable because the approval of the voters of Whitley County was not obtained, as required by Section 157 of the Constitution. On the other hand, if the appellant is attempting to maintain this action on the basis that the revenue bond methods provided for in KRS 162.120 to KRS 162.290 were followed, the contract is unenforceable because the only government agency possessing the power and authority to execute such a contract failed to do so.

At oral argument, appellant conceded the requirement of Section 157 of the Constitution had not been met and that the revenue bond method provided for in KRS 162.120 to KRS 162.290 had not been completed. It argued that there is an additional method established by the State Board of Education which was followed. The record contains a list of steps for implementing this alleged method. Step 6 indicates that once bids are secured and opened, a contract is awarded, a fiscal agent employed to issue revenue bonds, and a date for their sale set.

However, this "list of steps" is silent as to which government agency awards or enters the contract. Therefore, the list does not support appellant's contention that the Board was entitled to do so. Further, if any list of steps or any regulation of the State Board of Education authorizes a school board to enter a construction contract in violation of Section 157 of the Constitution or KRS 162.120 to KRS 162.290, it is invalid.

■ Appellant also contended that the summary judgment order is premature because it was denied an opportunity to prove the existence of an alternate method for financing not considered by the court below. However, appellant had twenty-two months to establish the existence of such a method and failed to do so. In addition, it was unable to cite this Court to any statute authorizing a method not considered in this opinion. Accordingly, we hold that the court below correctly determined that the contract sued upon is unenforceable.

The Associated General Contractors of Kentucky, *amicus curiae,* advance the policy argument that unless this court holds that appellant's contract is enforceable, there will be a chilling effect on the willingness of contractors to enter construction contracts with public agencies. We disagree.

■ We are not dealing here with a situation where a valid and enforceable contract has been repudiated. If that were true, the contention might have merit. Rather, we are dealing with a contract which is unenforceable because the agency which executed it lacked the power or capacity to do so. A party deals with a public agency at its peril if it contracts with one and fails to inquire into the power of the agency to execute it. 64 Am.Jur.2d *Public Works and Contracts,* § 8 (1972). Here, the Board possessed no power or capacity to enter the contract, and appellant's failure to inquire into the Board's power to execute it precludes recovery for its breach.

The summary judgment order is affirmed.

All concur.