## Nourse v. City of Russellville et al.
(Decided June 23, 1936.)

JOHN A. WHITAKER for appellant.

TAYLOR & MILAM for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On May 5, 1936, the board of common council of the city of Russellville, Ky., a municipal corporation of the fourth class, adopted an ordinance authorizing the issuance and sale of funding bonds of the city of Russellville in the aggregate sum of $16,000, the proceeds thereof to be used and applied to the payment of an outstanding floating indebtedness of the city in a like amount, which indebtedness is represented by the warrants of the city, and accumulated over a period of

time beginning with the year 1932 and extending up to the date of the adoption of the ordinance.

The appellant, a citizen, resident, and taxpayer of the city of Russellville, suing for himself and other taxpayers of the city, filed this action in the Logan circuit court against the mayor and the members of the board of council and the city of Russellville, seeking a declaration of the rights of the parties and an injunction, and, at the time of the filing of the petition, he obtained a restraining order restraining the mayor and the members of the board of council from proceeding further under the ordinance.

Appellant, plaintiff below, alleged in his petition that the defendants enacted the ordinance without right or authority and against the rights and interests of the taxpayers of the city, and that the proposed issuance of the bonds would constitute a burden upon the taxpayers of the city, and the act of defendants in attempting to issue such bonds and to create such indebtedness against the city and its taxpayers is arbitrary and capricious; that, while said bonds are to be issued for the purpose of paying existing floating indebtedness of the city, yet such bonds should not be issued and sold because it does not appear in the ordinance for what purpose the outstanding warrants were issued, representing the indebtedness proposing to be funded by the issuance of such bonds; that such indebtedness was illegal and the money so expended was expended unlawfully; and, further, because that the amount of revenue received in each of the years the indebtedness was incurred is not set forth in the ordinance. Plaintiff prayed the ordinance be adjudged null and void and that the defendants be restrained and enjoined from carrying it into effect, and asked for a declaration of the rights of the parties.

Defendants filed their joint and separate answer denying the pertinent allegations of the petition, and asked that the restraining order be dissolved, but joining in the prayer of plaintiff's petition seeking a declaration of rights, and asked that the ordinance be declared valid and that they have the right to issue the funding bonds proposed and to carry into effect the ordinance for all purposes and intent.

There was filed with the answer and as a part thereof a schedule showing the assessed valuation of the property subject to taxation in the city of Russellville for each of the years in question, the rate of levy, the amount produced, plus anticipated poll tax, income, or revenue from waterworks, sale of cemetery lots, license fees, fines, and miscellaneous items. The schedule also showed the receipts of the sums actually collected for each year which were less than the sums anticipated, resulting in the deficit for each year.

The answer was controverted of record, and the evidence of the mayor and city clerk, the latter being the custodian of the city tax records, was taken, and it was shown by these witnesses testifying from the official tax records that the amount of revenue which the city could legally anticipate for each of the years in question was in excess of the indebtedness incurred for each particular year. It was shown that the deficits were a result of the failure of the city to collect the full amount of revenue anticipated and which it might have collected under the provisions of sections 157 and 158 of the Constitution. It also alleged in the answer, and it is so established by the evidence and exhibits filed, that each of the city warrants representing the indebtedness proposed to be funded were issued for valid purposes and obligations which the city was legally bound to pay, and that, at the date of the issuance of each warrant, it, in addition to previous indebtedness, did not exceed the constitutional limitations for the year.

The cause was submitted upon the issues, proof, and exhibits, and the court entered judgment denying the prayer of the plaintiff's petition for an injunction, but sustained it in so far as it sought a declaration of the rights of the parties. It was further adjudged that each of the city warrants representing the indebtedness sought to be funded was issued for valid purposes and within the constitutional limitations, and the amount sought to be funded was a valid outstanding indebtedness of the city, and the ordinance proposing the issuance of such funding bonds was also valid, and the city had the right to carry the ordinance into effect and issue and sell the proposed funding bonds and apply the proceeds thereof to the payment of the indebtedness

of the city sought to be funded. For a final determination of the rights of the parties the plaintiff has brought this appeal.

In brief of appellant it is conceded that the city did not violate the Constitution in issuing the outstanding warrants sought to be funded, but he does contend that the expenditures represented by the warrants sought to be funded exceeded the revenues which the city could rightfully expect for some of the years in question, because it did not take into consideration in each year's expenditures the deficit or deficits of the preceding year or years. To sustain his position he relies on the case of McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494. That case was followed by later cases, but those cases have been departed from in more recent opinions of this court, holding that all contracts and obligations incurred by counties, municipalities, and other similar taxing districts may be based upon the revenue the taxing authorities may have the right to anticipate or might collect for that particular year, and they are not bound to take into consideration deficits incurred in previous years. Elliot v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619. See, also, the recent cases of Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Harrison v. Roberts et al., —— Ky. ——, 94 S. W. (2d) 296; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104.

The further argument for appellant is that, in anticipating the revenue which the city would receive for each year in question, it included therein license fees, fines, receipts from sale of cemetery lots, and miscellaneous receipts. It may be conceded that the city had no right to anticipate fines and miscellaneous items which were more or less uncertain, but these items consisted of small amounts, and deducting them from the full amount anticipated would not change the results. It was also held in early cases that license fees could not be anticipated, but this doctrine has also been departed from in numerous later cases, and it is now the rule that the city may anticipate poll tax, license fees, and other items which are reasonably certain when based upon known conditions and past experience in

the collections of such revenues. See Premier Construction Co. v. Kimmell, 230 Ky. 439, 20 S. W. (2d) 77; Billeter & Wiley v. State Highway Commission, 203 Ky. 15, 261 S. W. 855.

We conclude, therefore, that the city had the right to anticipate the items of revenue listed in the record, with the exceptions indicated above, and that the anticipated revenue for each of the years in question exceeded the deficit or indebtedness incurred for the respective years, and the indebtedness sought to be funded is valid, and the city has the right to fund same by the issuance and sale of bonds in the way and manner provided in the ordinance.

The judgment of the chancellor being in harmony with out view, it is affirmed.

The whole court sitting.