## Meade v. Board of Education of Johnson County et al.

(Decided March 26, 1937.)

C. F. PACE for appellant.

HOWES & WALKER and M. O. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Johnson circuit court approving the legality (under section 186c-6 et seq. of the Kentucky Statutes) of an issue of $33,-000 of 5 per cent. funding bonds of the Johnson county school district. It is shown in evidence that the debts intended to be refunded were validly created within the limits prescribed by the Constitution (sections 157 and 158) and within the limits of the revenues anticipated by the board of education for the then current year. Hockensmith v. Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656. These matters were determined by the lower court, and the only point argued here is that a board of education has no authority to carry an indebtedness over from year to year, but must provide for the payment of the deficit at the end of each year out of the revenues from the succeeding year. We are cited to no law so requiring.

Howsoever desirable it may be that boards of education should live within their actual income and avoid the gradual piling up of deficits from year to year, the question, within statutory and constitutional limits, is a question addressing itself to the business judgment of the boards who are responsible to the voters that elected them, and it does not affect the legality of the method here proposed for financing a valid indebtedness. The debt was legal when created, and it is still legal whether the board of education should have paid it before now or not. A valid debt of a board of edu-

cation may be funded. Lee v. Board of Education of Bell County, 261 Ky. 379, 87 S. W. (2d) 961; Lawson v. Board of Education of Greenup County, 265 Ky. 630, 97 S. W. (2d) 542. Compare Madison County Board of Education v. Madison County Fiscal Court, 246 Ky. 201, 54 S. W. (2d) 652.

Judgment affirmed.