## Davis v. Cumberland County.

(Decided June 18, 1937.)

TANNER OTTLEY for appellant.

S. A. CARY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Cumberland circuit court by plaintiff and appellee, Cumberland County, against appellant and defendant, Ira Davis, a citizen and taxpayer of the county, as a representative of himself and all other taxpayers thereof, to obtain the approval of the court for the issuance of the county's bonds in a total amount of $30,000, to run for a series of years. The approval is sought in order to obtain cash with which to fund such outstanding accumulated indebtedness of the county, beginning with the fiscal year 1925-1926 and continuing each year thereafter until the time of the filing of the action. It is brought

pursuant to the provisions of section 186c-6 et seq. of our present Statutes and is one of many others of like nature seeking the same relief for counties, municipalities, school districts, and other subordinate governmental divisions of the state government, the accumulations of which have so increased that their consideration requires nearly one-fifth of the court's time—all of which leads to the inevitable conclusion that if those connected with the expenditure of the revenues of such units would manifest as much anxiety to husband the resources in their charge, and to prevent or curtail such excess accumulation of expenditures, as they exhibit and show in their efforts to issue bonds to fund the accumulated amount, there would be fewer occasions to do so.

However, in the many cases filed for the same purpose, coming before this court, and in which we approved the bond issue for the purpose indicated, it has been finally determined that the issue is valid when each item of the indebtedness was valid at the time it was created; and that it is valid when the particular debt was not only made for a legitimate purpose and within the authority of the taxing unit to contract, but that it, together with former expenditures for the particular fiscal year, was within the amount that it could legally expend for that year. Those cases also hold that the fiscal officers of the units may expend during any year the amount of its anticipated resources for the year; provided the anticipation be reasonable and made in good faith, based upon reasonable probabilities. Debts so created are valid, although it might eventually turn out that the amount of anticipated revenue fell short because of delinquencies, or other subsequent occurring events not foreseen as a probability when the anticipation was made.

The annual deficits of Cumberland County in this case, as manifested by the pleadings and the proof, are not large, and it is frankly admitted by counsel that if the fiscal court of the county had taken into consideration each year covered by the period of the entire accumulation, the deficits for the preceding year, and had paid such preceding deficits from the revenues obtained in the succeeding year, there would now be no accumulation. However, the opinions to which we have referred have so construed the law as to dispense with

that requirement. Nevertheless, it is a course which such fiscal officers should faithfully observe in pursuing the frugal course demanded of them by the sound rules of economy in expending the local revenues of the tax-payers whom they represent, since it is as essential to the prosperity of a taxing unit as it is to an individual in the management of his private fiscal affairs.

The pleadings in this case, as well as the proof, clearly show that the annual deficits, the aggregate amount of which is sought to be funded, were made up of items representing indebtedness validly created when contracted. The record appears to have been cast in the same molds (possibly possessed by dealers in such bonds) of many other like cases brought to this court, and which appear to have been made by some one so as to conform to the former rulings of the court on such issues. Being so, the trial court approved the issue and nothing is pointed out to us on this appeal to require a disturbance of that judgment.

Wherefore, it is affirmed.