## Penrod et al. v. City of Sturgis.

(Decided June 22, 1937.)

ARTHUR W. GRAFTON for appellants.
G. L. DRURY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a proceeding under the Declaratory Judgment Act (Civ. Code Proc. sec 639a—1 et seq.) to have determined the validity of bonds which the City of Sturgis, Ky., proposes to issue for the purpose of funding its floating indebtedness amounting to $15,000, which resulted from deficits in the revenues of the city during 1926 and subsequent years.

The petition set out with particularity each item of indebtedness and the purpose for which it was incurred. The proof shows that the assessed valuation of property subject to taxation for city purposes has varied between $872,500, the assessment for 1936, and $1,217,-649, the assessment for 1926. Based on the smaller assessment, the amount of indebtedness which the city may incur under section 158 of the Constitution is approximately $43,000. The floating indebtedness proposed to be funded is the only indebtedness outstanding which is a direct obligation of the city, and consequently the funding bonds when issued will not represent an indebtedness prohibited by section 158.

It was also shown that each item of indebtedness was incurred for a legal purpose and at a time when the revenues for the year had not been exhausted. In each instance, the anticipated revenues of the city exceeded its fixed governmental charges sufficiently to provide a fund for the payment of the particular item of indebtedness. The failure of the city officials to pay these debts out of the revenue for the year during which they were created was caused partly by failure to collect all of the taxes due and partly, no doubt, by improper expenditures made by them after the limit fixed by section 157 of the Constitution had been reached. Be that as it may, the proof shows that all of the floating indebtedness involved in this action was, at the time it was created, within the limits prescribed by section 157 of the Constitution and, therefore, valid. If a debt of a municipality is valid when created, it cannot be invalidated by subsequent illegal expenditures. City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S.

W. 1066; Geveden v. Fiscal Court of Carlisle County, 263 Ky. 465, 92 S. W. (2d) 746.

In Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961, 963, the court said:

"Among the ways that a municipality may prove the validity of a particular indebtedness is by showing that it and its other indebtedness did not exceed the revenue and income which it provided, or might have provided, for the year under the Constitution (Hogan v. Lee Fiscal Court, 253 Ky. 100, 29 S. W. (2d) 611), or by showing that at the time the particular indebtedness was incurred, it, together with other binding obligations theretofore incurred, including necessary governmental expense, did not exceed the revenue and income which the municipality provided, or might have provided, under the Constitution. For, if an indebtedness is valid at the time it is incurred, it cannot be rendered invalid by a failure to levy up to the limit of the Constitution, or by subsequently incurring other indebtedness not indispensably necessary to the maintenance of the government, or by wrongfully applying the taxes to other purposes, or by failure to collect the taxes actually levied."

The city has met the burden imposed upon it by section 186c-7, Kentucky Statutes, of alleging and proving the validity of all debts proposed to be funded, and the circuit court having approved the issuance of bonds to fund the indebtedness, the judgment is affirmed.