## Smith v. City of Mayfield.

(Decided Nov. 30, 1937.)

J. E. WARREN for appellant.

STITES & STITES, NORRIS McPHERSON and AUBREY HESTER for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This is an appeal from a judgment of the Graves circuit court adjudging legal, issuance of refunding bonds in the sum of $85,000 by the City of Mayfield, a

city of the fourth class, under the provisions of section 186c-6 et seq., Kentucky Statutes. The judgment of the court presents clearly the question to be passed upon:

"This cause coming on to be heard on the petition of the plaintiff, R. S. Smith, the answer of the defendant, city of Mayfield, Kentucky, the exhibits filed with said answer, and the depositions filed on behalf of the defendant, and the court having considered the proof and heard arguments of counsel, and being sufficiently advised, it is now ordered, adjudged and decreed as follows:

"That the plaintiff is a resident and taxpayer of the city of Mayfield, Kentucky, and is authorized to represent all taxpayers of said city in this action;

"That the outstanding indebtedness of said city in the principal amount of $73,435.24, together with interest thereon constitutes a valid, subsisting and binding obligation of said city;

"That the officials of said city who were in office at the time of the creation of said indebtedness have had due regard for the finances of said city during the time in which said indebtedness was created;

"That the indebtedness of said city proposed to be created by the issuance of the $85,000.00 refunding bonds of said city in accordance with the terms of the ordinance of said city filed as Exhibit 'X' with the answer of the defendant, will constitute a valid, subsisting and binding obligation of said city from and after the issuance of such bonds;

"That the bonded indebtedness when created will be within the constitutional and statutory limitations of indebtedness of said city;

"That the defendant has the lawful right and authority to issue such bonds;

"That said city has the lawful right and authority to levy taxes upon the property in said city subject to taxation for the purpose of paying such bonds together with interest thereon, in accordance with Section 5 of the aforesaid ordinance;

"That the sale of such bonds at no less than

par and accrued interest, in accordance with Section 4 of said ordinance be authorized;

"That the issuance of such bonds and the sale thereof as provided in said ordinance be in all respects approved and confirmed by this court;

"That the plaintiff's petition in equity be dismissed; that the defendant recover its costs herein incurred, and that the record of this cause be perpetuated on the records of this court."

The purpose of this appeal is to obtain the approval of this court in an effort on the part of the council of the City of Mayfield to issue bonds to that amount.

This court has repeatedly held that a valid floating indebtedness may be refunded by the issuance of bonds without a vote of the people, provided the debts making up the amount of the bonds when created are valid, and not in violation of sections 157 and 158 of the Kentucky Constitution. It is shown by the pleadings, evidence, and exhibits that the officials of the city at the time the several items of indebtedness were made had due regard for the finances of the city. All debts were made during the years 1933 to 1936, inclusive, and were made for governmental and public purposes, and within the limitations of sections 157 and 158 of the Constitution. There is drawn a distinction between expenditures essential to the operation of the government of the city and such expenditures as were necessary and beneficial to the city and to the public, where the making of same was discretionary on the part of the city council. The exhibits and other proof is to the effect that all debts were either obligatory on the part of the municipality, or for public purposes, but legal when made as contemplated by the law. The legality of the several items making up the aggregate of the floating indebtedness sought to be refunded by the issuance of bonds to the amount of $85,000 is abundantly proven. The pleadings, proof, and exhibits conform fully to the previous rulings of this court. Cf. City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Bartlett v. City of Winchester, 261 Ky. 694, 88 S. W. (2d) 698; Adair County Farm Bureau v. Fiscal Court of Adair County, 263 Ky. 23, 91 S. W. (2d) 537; Nourse v. City of Russellville, 265 Ky. 96, 95 S. W. (2d) 1096; Ballard v. Adair County, 268 Ky. 347, 104 S. W. (2d) 1100; Davis v. Cumberland County, 269 Ky. 271, 107 S. W. (2d) 237; Penrod v.

City of Sturgis, 269 Ky. 315, 107 S. W. (2d) 277; and many other cases.

The instant case has been thoroughly and well presented by the pleadings, proof, and briefs. To set out the proof in detail would be a waste of time and effort; it is enough to say that the obligations constituting the floating indebtedness sought to be refunded are within the requirements of the Constitution; that the demands of the statute have been fully complied with and met. Rohde v. City of Newport, 246 Ky. 476, 55 S. W. (2d) 368, 87 A. L. R. 701; Smith v. Nicholas County, 266 Ky. 240, 98 S. W. (2d) 942; and cases cited.

It therefore follows that the City of Mayfield may properly refund the indebtedness and issue the refunding bonds in question.

Judgment affirmed.