## Citizens Bank v. Rowan County Board of Education.

(Decided June 24, 1938.)

482

HOGGE & HOGGE for appellant.

JAMES C. CLAY and W. E. PROCTOR for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Citizens Bank, filed this ordinary action on February 12, 1934, in the Rowan circuit court, against appellee and defendant below, Rowan County Board of Education, seeking the recovery of a judgment against it for the amount of a note held by plaintiff against it for the sum of $3500, which was executed on June 1, 1930, and due four months thereafter. The petition was couched in the usual language as based upon a promissory note, and which did not set forth the consideration therefor. A demurrer was filed to it by the defendant, but before it was acted on an amended petition was filed by plaintiff in which it set out the consideration for the note; and which was the aggregate amount of a number of warrants that defendant had issued for varying amounts to its county school superintendent in payment of his salary, except one for $300, which was issued in payment of rent for an office and housing quarters of the board—all of them aggregating the amount of the note—and they were issued throughout the period beginning in the year 1922 and extending into a portion of the year 1927.

The payees of the warrants sold, endorsed and transferred them to plaintiff, who was their holder in due course on the date of the execution of the note. In the meantime the note was filed as an exhibit with plaintiff's pleading, and it was stamped "paid". Thereupon the court sustained a demurrer to the petition and it

was again amended by plaintiff, in which it was averred that the stamping of the note as "paid" was the result of oversight and mistake and that it had never been paid, and that the entire amount was just and long past due. Thereupon defendant filed its answer in which it denied all of the material averments of the petition, including its execution of the note, or its promise to pay the amount thereof "except as hereinafter stated". It was denied that plaintiff was the owner or the holder of the note, or that it was executed in lieu of the warrants that plaintiff had set out in its first amended petition. It then alleged that for the scholastic year in which the note was executed (1930) it failed to include in its budget the amount of the note, although the fiscal court of the county had made a levy of 75% in aid of the county school funds, and, in substance, that it had spent the amount of its budget for other purposes as set out in its budget for that year, and that the note—not having been included therein—was and is void, and by which process the debt became outlawed through the negligence and defalcations of defendant, its payor.

A reply denying the affirmative allegations of the answer was filed after a demurrer to it was submitted by plaintiff but not passed on. A third amended petition was filed in which the consideration of the note was again stated with more elaboration, and in which it was *specifically* charged that each warrant, constituting the consideration of the note, represented an obligation that was lawfully incurred *at the time,* in that it was within the revenues of the county school district at the various times the warrants were issued, and that each of them was issued for a governmental purpose of the school district. A demurrer to the petition as so amended by the three amendments was then filed by defendant, and the court sustained it. Plaintiff then declined to plead further and its petition was dismissed, to reverse which it prosecutes this appeal. The sole question presented for our determination is: Whether or not the petition, as so amended, stated a cause of action entitling plaintiff to a judgment for the amount of its debt as represented by the note?

Counsel for defendant appear from the brief filed by them in this court to be imbued with the idea that the financial status of defendant at *the date* of the exe*cution* of the note (1930) is the applicable and govern-

ing one in determining its validity and, since—as they argue—the note was not embraced in the budget for the fiscal year in which it was executed and appears to have been over and above the amount of the budget that was submitted, it became, was and is invalid, and defendant did not thereby become obligated for the payment of its consideration. The grave error of counsels' argument and consequent conclusion, in which the trial court appears to have coincided, lies in the fact that the note was and is but a renewed evidence of defendant's indebtedness. It did not represent an obligation simultaneously created with its execution. Therefore, under a long list of opinions from this court, extending up to the present time, the validity of the indebtedness for which the note was but a renewed promise should and must be determined by the financial status of the affairs of the district *at the times* the various items of the indebtedness included in the note were created.

A late opinion, in which other prior ones are cited, substantiating that proposition is Penrod v. City of Sturgis, 269 Ky. 315, 107 S. W. (2d) 277, in which we said, inter alia (page 278): ''The proof shows that all of the floating indebtedness involved in this action was, at the time it was created, within the limits prescribed by section 157 of the Constitution, and therefore, valid. If a debt of a municipality is valid when created, it cannot be invalidated by subsequent illegal expenditures.'' That principle, we repeat, has been successively reiterated by this court in every case that has been brought to it in which the question was involved, some of which are cited in the Penrod opinion and to which reference is made.

Another recent case involving the right of boards of education to create indebtedness in anticipation of revenues is that of Meade v. Board of Education of Johnson County, 268 Ky. 71, 103 S. W. (2d) 701, in which we said, inter alia: ''The debt was legal when created, and it is still legal whether the board of education should have paid it before now or not. A valid debt of a board of education may be funded.'' A number of prior and recent cases are cited in support of that excerpt. Of course, boards of education—not having authority to levy taxes as is possessed by counties and other classes of municipalities and taxing districts—are confined in the revenue which they may ex-

pend to that which they obtain from the state as pupil per capita, and that which they may require to be levied and collected by the fiscal courts of their counties, and they may not anticipate or expend beyond such anticipated amounts, plus whatever income they may otherwise possess, if any. It is admitted by the demurrer— since it was positively stated in the petition—that the various warrants for which the note sued on was executed, and through and by which they were taken up, were not only issued for governmental expenses of the board, but that none of them with prior indebtedness contracted for that year exceeded the revenue that might be lawfully anticipated by it for the particular year in which each warrant was issued, and which, if true, had the effect to make all of them valid obligations *when issued.*

Whether or not such allegations are true, or will be proven to be true upon the trial of the issues that the filed answer attempts to make—or that may hereafter be made by subsequent pleadings—is a matter wholly foreign to the question of the sufficiency of the petition, which is the only one submitted to us for determination by this appeal. Therefore, we are not called upon to determine any of the budgetary matters that brief of counsel for the board inject into the case; for if the obligations forming the consideration of the note were valid ones at the time made, then, clearly, the board could not escape their payment, or defend against a suit to recover judgment for their aggregate amount, by not including it in any of its budgets. To hold otherwise would allow and permit the board to repudiate its valid obligations by wrongfully declining to embrace them in some annual budget which it is required to make. What effect it might have on an obligation of the board which was created *after* it had prepared and filed its budget (and consequently not embraced therein) with its amount in excess of the budget, is a question that we are not now called upon to determine, since the record in this case does not even squint at—much less present it.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and to overrule defendant's demurrer to plaintiff's petition as amended, and for other proceedings not inconsistent with this opinion.