## Rowland et al. v. City Of Winchester.

March 5, 1948.

Wm. J. Baxter, Judge.

J. Smith Hays, Jr. for appellant.

J. Smith Hays, Sr. and William Hays for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This suit was brought by the City of Winchester against a citizen and taxpayer for a declaration of rights and court approval of a $12,000 funding bond issue. The lower Court approved the proposed refinancing.

The City now has outstanding against it a judgment debt which, with interest and costs, amounts to something over $11,000. This judgment was affirmed recently in City of Winchester et al. v. Winchester Bank, 306 Ky. 45, 205 S. W. 2d 997, decided October 31, 1947.

The current revenues of the City are not sufficient to liquidate the obligation, and the proposal is to meet

it by the issuance of funding bonds, authorized by Section 66.170, KRS. This section provides that any city may issue bonds to fund its valid floating debt. Such bonds shall bear interest at not more than 6% per annum and shall not be sold for less than par and accrued interest. At the time of the issuance of such bonds the city shall provide for the collection of an annual tax sufficient to pay interest and create a sinking fund for the payment of principal.

On December 24, 1947, the City by newspaper advertisement requested bids on the proposed issue. By ordinance of December 29 it accepted the bid of Peoples State Bank and Trust Company at par plus accrued interest, with interest at 2½% per annum. By another ordinance of the same date the issuance of negotiable bonds was authorized. This latter ordinance (No. 348) created a separate "City Funding Bond Account," and recited the levy of a tax sufficient to pay the principal and interest on the bonds.

Section 66.210, KRS, provides for the approval of such a bond issue by a court of competent jurisdiction, upon a declaration that the bonds are based upon and cover a constitutionally valid indebtedness. Section 66.-220, KRS, declares that such bonds shall not be approved unless the city alleges and proves that the indebtedness evidenced by the bonds was created within applicable constitutional limitations.

In our decision of October 31, 1947, above referred to, we recognized the present existing indebtedness of the City to the Winchester Bank as constitutionally valid.

The debt to be created by the bond issue does not offend the Constitution if within the limits of Section 158. This section fixes the maximum indebtedness of a city, measured by the assessed value of taxable property within its limits. Winchester is a city of the third class, having a population of less than 15,000 persons, and the limitation of its indebtedness is 5% of the assessed value of taxable property.

The City proved that its outstanding obligations at the close of 1947 were approximately $35,000 (including the judgment debt to be funded), and that the assessed

774

valuation of property in the City for the year 1947 was greater than $8,000,000. It is, therefore, evident that the proposed bond issue will not create an indebtedness in excess of the constitutional maximum.

Having considered the pleadings, proof and exhibits, we are of the opinion that the lower Court properly determined the rights of the parties and adjudged that the proposed funding bonds will be valid and binding obligations of the City, provided Section 66.170, KRS, is complied with.

Attention is called to the fact that this section requires the City, at the time of issuing the bonds, to provide for the collection of an annual tax sufficient to pay principal and interest. The record shows that Ordinance No. 348 did not actually levy any tax, which should be done. Such increased taxation must, of course, be within the limits prescribed by Section 157 of the Constitution.

The judgment is affirmed.